Carlo **BORDONI**, Plaintiff,

v.

**TWIN COAST NEWSPAPERS, INC.**,
and Harold Gold, Defendants.

No. 74 Civ. 3170.

United States District Court,
S. D. New York.

July 15, 1975.

9. *Tracy v. Newsday, Inc.*, 5 N.Y.2d at 137, 182 N.Y.S.2d at 4, 155 N.E.2d 853.

DiFalco, Field & O'Rourke, New York City, for plaintiff; David A. Field, Walter M. Schwartz, Barton P. Blumberg, New York City, of counsel.

Amend & Amend, New York City, for defendants; Myles B. Amend, Richard L. Schmeidler, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

This is another of four actions in which plaintiff challenges as libelous articles concerning the affairs of Franklin National Bank ("Bank"), which refer to plaintiff's relationship to, and resignation as a director of, the Franklin New York Corporation ("Franklin"), the Bank's parent. The defendants in this case are Twin Coast Newspapers, Inc., publisher of the Journal of Commerce ("Journal"), in which the alleged libelous article appeared, and Harold Gold, its managing editor.

Reference is made to and familiarity assumed with this court's opinions filed this day in plaintiff's separate actions against the New York Times[1] and the Washington Post.[2] In this suit, too, the parties agree that the applicable law is that of the State of New York.

The defendants move to dismiss the complaint pursuant to Rule 12(b)(6) on the ground that it fails to state a claim upon which relief can be granted in that it fails to allege special damages, which motion plaintiff resists, as in the other cases, upon his contention that the article is libelous per se and accordingly actionable without any allegation of special damages.

Plaintiff, tracking his complaint in the other actions, charges that the article is libelous per se in two respects: (1) that it defames him in his business calling; and (2) it intimates his participation in criminal acts in violation of the federal banking and other laws. As to the first charge, he asserts three separate claims without any innuendo, and as to the second charge, he relies upon an innuendo.

The article here at issue is centered about the same subjects as the articles published by the New York Times and the Washington Post—plaintiff's relationship to Sindona; his resignation as a director of Franklin; the Bank's $45.8 million foreign-exchange losses, which together with other losses put "the nation's 23rd largest bank in financial jeopardy"; the fact that large losses were due to unauthorized foreign-exchange trading; the dismissal of the Bank's president and resignation of its executive vice chairman, in whose department the losses occurred; and a Treasury Department official's statement that the "government is investigating the possibility of fraud in connection with the losses." The Journal article includes some matter not contained in the others. It refers to an Italian magazine's report that Bordoni "was chosen by Mr. Sindona to play a major part in Franklin's foreign-exchange trading," and then quotes from a March [1974] issue of the magazine: "Mr. Sindona plans to make money (at Franklin National) out of foreign currency. The presence at Franklin of the foreign exchange expert, Carlo Bordoni, explains everything."

■ The court, for substantially the same reasons which underlie its determinations in the other actions, finds that the article is not libelous per se as alleged in the first three claims. Nothing in the additional matter referred to above impugns, directly or indirectly, plaintiff's standing or capacity as an international monetary expert, or reflects upon his professional integrity.

■ As to the remaining claim, supported by an innuendo that the article was intended and was understood to

1. *Bordoni v. The New York Times Co.*, D.C., 400 F.Supp. 1223.

2. *Bordoni v. Washington Post Co.*, D.C., 400 F.Supp. 1230.

mean that plaintiff participated in criminal acts in violation of the federal banking and other laws, this is no more warranted here than in the instance of the other two cases.

" 'The pleaded innuendo is strained, unreasonable and unjustified.' It does not explain any statement in the article, but adds an entirely new and independent thought that finds no support in the article." [3]

Accordingly, the complaint is dismissed.

3. *Tracy v. Newsday, Inc.,* 5 N.Y.2d 134, 137, 182 N.Y.S.2d 1, 4, 155 N.E.2d 853, 855 (1959).